Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. The parties are subject to and bound by the North Carolina Workers Compensation Act.
3. Plaintiffs average weekly wage at the time of the accident was $227.70.
4. Furman Mills criminal records were marked as stipulated exhibit 1 and received into evidence.
5. The police report of the 4 December 1997 assault was marked as stipulated exhibit 2 and received into evidence.
6. Plaintiffs criminal records were marked as stipulated exhibit 3 and received into evidence.
7. An 11 November 1997 police incident report was marked as stipulated exhibit 4 and received into evidence.
8. Medical records marked as stipulated exhibit 5 were received into evidence.
***********
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On or about 4 December 1997, plaintiff was employed as a van driver by Polk County. Plaintiff operated a 14-passenger van that mainly carried older and disabled persons to medical appointments and other public assistance programs.
2. Plaintiffs job duties as a van driver required her to report to work at 7:00 a.m. in order to pick up her van from an open parking lot located approximately 100 yards from the nearest building. Plaintiff was occasionally required to drive at night until 7:30 p.m.
3. The parking lot was surrounded by shrubbery and trees, and had a steep bank on one side that led to a lower parking lot located adjacent to the Mental Health Senior Center, the nearest building. This parking lot had been used by Polk County Transportation for two or three years prior to 4 December 1997.
4. The parking lot was not well lit. At the time of the accident, only one streetlight inside the parking lot that illuminated the parking area.
5. On numerous occasions, plaintiff and her co-workers had complained to management about the lighting conditions in the parking lot. One of the drivers had had to direct her personal vehicles headlights on the van door in order to see to unlock the van.
6. Plaintiff and other drivers felt afraid to be in the parking lot and characterized it as "scary.
7. On 4 December 1997, plaintiff reported to work at her usual time of 7:00a.m.
8. On that date, the weather was cloudy and dreary and the parking lot was still dark at 7:00 a.m.
9. When plaintiff arrived at her van, Furman Mills stepped out from behind the shrubbery and attacked plaintiff, stabbing her at least 24 times.
10. Mr. Mills and plaintiff had been involved in an ongoing romantic relationship for approximately seven years prior to 4 December 1997.
11. Throughout the course of the relationship, Mr. Mills had assaulted plaintiff. He stabbed plaintiff on at least one occasion, and in October of 1996 he had threatened to kill her. Plaintiff filed a 50B Domestic Violence Complaint against Mr. Mills, but she later requested a dismissal.
12. Mr. Mills, as a former boyfriend of plaintiff, knew plaintiffs work schedule, including what time she reported to work and what particular route she drove.
13. In the month prior to 4 December 1997, a warrant for Mr. Mills arrest was issued for communicating threats. Plaintiff reported to the police that Mr. Mills threatened "to blow her brains out if she talked to another man.
14. Mr. Mills was released on bond from that arrest and ordered to stay away from plaintiff.
15. Plaintiff did not report to defendant that she was having domestic problems or that she had a restraining order against Mr. Mills. Plaintiff did not request that defendant provide any additional protection from a potential assailant.
16. On the date that the arrest warrant was issued, plaintiff reported to the police that someone had broken her vehicles side view mirror. Plaintiff suspected that Mr. Mills was responsible for the vandalism. However, plaintiff did not report her domestic problems with Mr.Mills to her supervisor.
17. One week prior to the stabbing, another warrant for Mr. Mills arrest was issued based on plaintiffs report of harassing phone calls.
18. Two days prior to the stabbing, a third warrant for Mr. Mills arrest was issued for second-degree trespass because plaintiff found him walking around her house, in violation of the previous bond agreement.
19. Mr. Mills attack on plaintiff on 4 December 1997 and the vandalism to plaintiffs vehicle were the only incidents of this nature that had occurred in the van parking lot.
20. Mr. Mills did not vandalize any Polk County Transportation property, did not attempt to steal any Polk County Transportation vehicles, and no evidence was presented to show any motive for the attack other than a personal one toward plaintiff.
21. The nature of plaintiffs employment did not create a risk that she would be attacked by her former boyfriend. Plaintiffs injury did not result from a peculiar hazard of her employment with defendant.
***********
Based upon the foregoing stipulation and findings of fact, the Full Commission makes the following:
 CONCLUSION OF LAW
Plaintiff failed to show that she suffered a compensable injury by accident. Although plaintiff was in the course of her employment at the time of the assault, the assault did not arise out of her employment. The assault was purely personally motivated, and there is no evidence of any peculiar risk of the employment which can be traced to the assault. Gallimore v. Marilyns Shoes, 292 N.C. 399,233 S.E.2d 529 (1977).
***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiffs claim for compensation for the 4 December 1997 assault by Furman Mills is DENIED.
2. Each side shall pay its own costs.
 S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING:
S/_____________ THOMAS J. BOLCH COMMISSIONER